UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-CV-1628 PLC |
| DALE GLASS, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Hosea Robinson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and on his motions for a preliminary injunction. The Court will require petitioner to file an amended petition on the Court's form. *See* E.D. Mo. L.R. 2.06(A). Additionally, the motions for injunction are denied. Finally, petitioner has not paid the filing fee or moved for in forma pauperis status. He must do one or the other or the Court will dismiss this action for failure to prosecute.

On February 7, 2016, a grand jury indicted petitioner on one count of first-degree statutory rape. *Missouri v. Robinson*, No. 1622-CR00618-01 (City of St. Louis). On March 17, 2017, petitioner filed a motion to dismiss the criminal charges based on his contention that his right to a speedy trial has been violated. The court set the matter for hearing July 5, 2017. However, as of the date of this Order, the docket sheet does not indicate that the hearing was held or that the motion has been ruled. On April 26, 2017, petitioner filed a petition for writ of habeas corpus, in which he alleged that he was being denied adequate medical care from the St. Louis City Justice Center. The petition appears to be pending on the court's docket.

In the instant petition, petitioner argues that his right to a speedy trial has been violated, and he seeks an order from the Court dismissing the criminal charges. In his motions for preliminary injunction, petitioner says that his right to receive adequate medical care has been denied, and he seeks dismissal of the state criminal charges.

Petitioner's claims regarding the denial of medical care are not cognizable in federal habeas proceedings. To be entitled to habeas relief under 28 U.S.C. § 2241(c)(3), a state pretrial detainee must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." Claims for denial of medical care under the Fourteenth Amendment must be brought in a civil action under 42 U.S.C. § 1983 because they do not relate to the lawfulness of the detainee's custody. Rather, they go to whether the conditions of confinement meet the requirements of the Constitution. As a result, the motions for injunctive relief are denied. Additionally, the Court will send petitioner a § 1983 complaint form so that he may properly bring his medical claims before the Court if he wishes to do so. He need not file a separate civil action if he does not wish to pursue those claims. The Court notes that § 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send petitioner both a motion for leave to proceed in forma pauperis form and a § 2241 habeas form.

**IT IS FURTHER ORDERED** that, no later than twenty-one (21) days from this Order, petitioner must either pay the $5 filing fee or file a motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that petitioner must fill out the § 2241 form and return it to the Court within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to send petitioner a § 1983 form, so that he can file a separate civil rights action if he wishes to do so.

**IT IS FURTHER ORDERED** that if petitioner does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 17th day of July, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE