# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1628 PLC |
| ) | |
| DALE GLASS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court are petitioner's post-dismissal motions. Petitioner seeks dismissal of his criminal charges and discovery in his state criminal action, as well as court-forms.

On February 7, 2016, a grand jury indicted petitioner in Missouri State Court on one count of first-degree statutory rape. *Missouri v. Robinson*, No. 1622-CR00618-01 (City of St. Louis). Petitioner filed the instant action on June 1, 2017, asserting that his right to speedy trial had been violated. He sought an order from this Court dismissing his state criminal charges. Petitioner instantaneously filed a motion for preliminary injunction, asserting that his right to receive adequate medical care had been denied.

On July 17, 2017, the Court, by Memorandum and Order, told petitioner that he was required to amend his § 2241 petition on a court-provided form. Petitioner was also told that his denial of medical care claims were not cognizable in federal habeas corpus proceedings brought pursuant to 28 U.S.C. § 2241. Thus, petitioner was told that his motion for preliminary injunction was denied and he was provided with a court-form for filing a separate action pursuant to 42 U.S.C. § 1983. Petitioner was given twenty-one (21) days to file his amended §

2241 petition alleging violations of the speedy trial doctrine. He was also told to pay the $5 filing fee or file a motion to proceed in forma pauperis in this action.

Although petitioner paid the $5 filing fee, he failed to file his amended § 2241 petition in a timely manner. As such, this action was dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with a Court Order, on August 28, 2017.

In his post-dismissal motions, petitioner asserts that after he was told to amend his petition, he spent time in the hospital for heart issues and was prevented from filing an amended petition in a timely manner. Good cause being shown, the Court will reopen the present matter and provide petitioner with a new court-form and allow him twenty-one (21) days to amend his petition. Once again, petitioner is warned that he many only include claims relating to his speedy trial allegations on his § 2241 petition. If petitioner has allegations relating to denial of medical care, he must separate those claims on a § 1983 complaint form.

Petitioner's request for appointment of counsel will be denied at this juncture, as it appears he is able to represent his own self-interests. Further, he is represented in his state criminal matter and can raise his speedy trial allegations in that matter as well as in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Order of Dismissal [Doc. #13] is **VACATED** and this matter is **REOPENED**.

**IT IS FURTHER ORDERED** that petitioner's motion for discovery and for forms [Doc. #16] is **GRANTED IN PART**. The Clerk shall provide petitioner with copies of the § 2241 habeas corpus form and the § 1983 complaint form. Petitioner may file a separate civil rights action if he chooses to do so.

**IT IS FURTHER ORDERED** that petitioner's motions for dismissal of all criminal charges [Doc. #17 and #18] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion for hearing and for appointment of counsel [Doc. #19] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's **amended petition, drafted on a court-provided form, brought pursuant to 28 U.S.C. § 2241 is due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order.** Petitioner's failure to comply with this Court's Order will result in a dismissal of this action.

Dated this 21st day of September, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE