# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1628 PLC |
| ) | |
| DALE GLASS, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is petitioner's motion for writ of mandamus, as well as his motion for leave to allow his handwritten writ of mandamus to stand as an amended § 2241 petition. At petitioner's insistence, the Court will treat the writ of mandamus filed on September 22, 2017 as an amended § 2241 application for writ of habeas corpus relative to his speedy trial claims in his underlying state criminal action. After review of the amended § 2241 application for writ of habeas corpus, the Court will deny and dismiss this action.

## Background

On February 7, 2016, a grand jury indicted petitioner in Missouri State Court on one count of first-degree statutory rape. *Missouri v. Robinson*, No. 1622-CR00618-01 (City of St. Louis). Petitioner filed the instant action on June 1, 2017, asserting that his right to speedy trial had been violated. He sought an order from this Court dismissing his state criminal charges. Petitioner instantaneously filed a motion for preliminary injunction, asserting that his right to receive adequate medical care had been denied.

On July 17, 2017, the Court, by Memorandum and Order, told petitioner that he was required to amend his § 2241 petition on a court-provided form. Petitioner was also told that his

denial of medical care claims were not cognizable in federal habeas corpus proceedings brought pursuant to 28 U.S.C. § 2241. Thus, petitioner was told that his motion for preliminary injunction was denied and he was provided with a court-form for filing a separate action pursuant to 42 U.S.C. § 1983. Petitioner was given twenty-one (21) days to file his amended § 2241 petition alleging violations of the speedy trial doctrine. He was also told to pay the $5 filing fee or file a motion to proceed in forma pauperis in this action.

Although petitioner paid the $5 filing fee, he failed to file his amended § 2241 petition in a timely manner. As such, this action was dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with a Court Order, on August 28, 2017.

After dismissal of this action, petitioner filed several letters to the Court, as well as several post-dismissal motions. In his post-dismissal motions, petitioner asserted that after he was told to amend his petition, he spent time in the hospital for heart issues and was prevented from filing an amended petition in a timely manner. The Court found that good cause was shown by petitioner and reopened the present matter. Petitioner was then ordered to amend his § 2241 action on a court-provided form and given twenty-one (21) days to amend his petition.

Rather than file his claims on a § 2241 court-form, petitioner filed a hand-written document titled "Motion to Compel Writ of Mandamus As for Good Cause Petitioner, Defendant, Detainee, Cites and States As Follows." In essence, petitioner seeks to file a handwritten § 2241 habeas petition, asserting that his right to speedy trial has been violated in his state criminal matter. Petitioner has also filed a motion for hearing on his application for habeas corpus.

Petitioner's application for writ of habeas corpus, or application for mandamus, states in a conclusory manner that he has been denied the right to speedy trial in his state criminal matter.

He alleges that Mo.Rev.Stat.§ 545.780 has been denied to him, and his "constitutional rights" to speedy trial have been denied under the 6th Amendment.

## Discussion

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County,* 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck,* 48 F. Supp. 2d at 860 (double jeopardy). However, a petition must contain enough facts to state a claim as a matter of law and must not be merely conclusory. *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies.[1] Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been

---

[1] In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden,* 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pretrial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a state petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner has not alleged, nor has the Court found, that petitioner exhausted his state remedies prior to bringing this action.

3

deprived of the right to a speedy trial. Petitioner has failed to include enough facts to allow the Court to evaluate his conclusory "speedy trial" allegations, and most importantly, the claims raised by petitioner can be adequately raised with his state criminal counsel, at his criminal trial and in his subsequent state proceedings.

The Court has reviewed petitioner's state criminal docket via Mo.Case.Net and found that petitioner's counsel filed a request for speedy trial, pursuant to Mo.Rev.Stat. § 545.780[2] on September 8, 2016 with the St. Louis City Circuit Attorney's Office. *See Missouri v. Robinson*, No. 1622-CR00618-01 (City of St. Louis). The Circuit Court ordered a hearing, *sua sponte*, on the matter of speedy trial on June 21, 2017; however, the hearing has been postponed first because of a conflict from the Prosecutor's Office and the second time because petitioner asked for new counsel.[3] The matter is currently set for hearing on October 10, 2017. The state criminal court is the best court to decide the outcome of petitioner's speedy trial consideration, and the state trial court should be allowed the time to do so. As a result, the Court will deny and dismiss the petition at this time, without prejudice.

Accordingly,

---

[2] Petitioner refers to "180-day rule" in his application for writ. The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. Mo.Rev.Stat. § 545.780. The statute provides that the remedy for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus in the **state court.** (emphasis added)

[3] When a criminal defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Adams,* 691 S.W.2d 432 (Mo.Ct.App.1985); *State v. Cannon,* 692 S.W.2d 357 (Mo.Ct.App.1985); *State v. Daly,* 731 S.W.2d 315 (Mo.Ct.App.1987); *State v. Clark,* 723 S.W.2d 17 (Mo.Ct.App.1986).

**IT IS HEREBY ORDERED** that petitioner's motion to treat his motion for writ of mandamus as an amended § 2241 application for writ of habeas corpus [Doc. #23] is **GRANTED**.

**IT IS HEREBY ORDERED** that petitioner's motions for writ of mandamus and for relief brought pursuant to 28 U.S.C. § 2241 based on violations of speedy trial in his state criminal case [Doc. #21 and #22] are **DENIED and DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for hearing [Doc. #24] is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of September, 2017.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE