## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HOSEA LEE ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-1628 PLC |
| | ) |
| DALE GLASS, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This closed case is before the Court on (1) petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 28); and (2) petitioner's motion to file a civil complaint against his criminal case, the State of Missouri, and Dale Glass (ECF No. 29).[1]   For the following reasons, the motions will be denied.

On February 7, 2016, a grand jury indicted petitioner in Missouri State Court on one count of first-degree statutory rape. *Missouri v. Robinson*, No. 1622-CR00618-01 (City of St. Louis). Petitioner filed the instant action on June 1, 2017, asserting that his right to speedy trial had been violated. He sought an order from this Court dismissing his state criminal charges.

On September 28, 2017, the Court granted petitioner's motion to treat his handwritten motion for writ of mandamus as an amended § 2241 application for writ of habeas corpus. In the same Order, the Court denied and dismissed petitioner's motion for writ of mandamus and

---

[1] The Court notes that on November 9, 2017, petitioner filed a Notice of Appeal of this Court's September 28, 2017 dismissal. The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).

for relief under 28 U.S.C. § 2241 based on violations of speedy trial in his state criminal case. *See* ECF Doc. 26.

On September 27, 2017, petitioner placed his amended petition for writ of habeas corpus under 28 U.S.C. § 2241, which he drafted on a court form, in the prison mailing system. By the time this form petition was received and docketed by the Court on October 2, 2017, the Court had already denied petitioner's handwritten amended § 2241 application for writ of habeas corpus relative to his speedy trial claims in his underlying state criminal action. *See* ECF Doc. 26. Petitioner's form petition merely restates on a court form those claims the Court had already dismissed. Because petitioner's claims are duplicative of those the Court had already dismissed on September 28, 2017, the Court will deny as moot petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241.

On October 19, 2017, petitioner filed a motion to file a civil complaint against his criminal proceedings, the State of Missouri, and Dale Glass for violations of his right to a fair and speedy trial. For relief, petitioner seeks his immediate release from jail and immediate dismissal of all criminal charges. Again, this motion is duplicative of petitioner's § 2241 motion that was denied on September 28, 2017. *See* ECF No. 26. Petitioner is alleging the same constitutional violations of his right to a fair and speedy trial, and is seeking the same relief. For the reasons stated in the Court's Memorandum and Order dated September 28, 2017, petitioner's motion to file a civil complaint against his criminal case, the State of Missouri, and Dale Glass will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed on the court form, is **DENIED as moot**. [ECF No. 28]

**IT IS FURTHER ORDERED** that petitioner's motion to file a civil complaint against

his criminal case, the State of Missouri, and Dale Glass is **DENIED**.    [ECF No. 29]

Ronnie L. White
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2017.